34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debbie Jo JENKINS; Clinton SAMPSON Personal Representative
of the Estate of Michael E. Sampson, Deceased,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 93-6286.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The parties' joint motion for oral argument is, therefore, DENIED and the case is ordered submitted without oral argument.
 
 
 3
 In this Oklahoma diversity action, plaintiffs appeal following a jury verdict entered in favor of defendant on their product liability claims stemming from a fatal automobile accident.[2] Plaintiffs challenge the district court's decision to admit evidence of their nonuse of seat belts, to allow defendant's expert witness to testify concerning the effect of the nonuse of seat belts, and to instruct the jury to consider the nonuse of seat belts in determining the cause of plaintiffs' injuries. Plaintiffs argue that, in making these determinations, which allowed the jury to consider their failure to use seat belts, the district court acted contrary to Okla. Stat. Ann., tit.47, 12-420 of Oklahoma's Mandatory Seat Belt Use Act, Okla. Stat. Ann. tit. 47, 12-416 through 12-422, which provides that "[n]othing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma." (footnote omitted).
 
 
 4
 The parties agree that the district court limited the use of the evidence of plaintiffs' nonuse of seat belts to the issue of causation. See Appellants' Br. at 10; Appellee's Br. at 5. Because the jury did not have to reach that issue, however, we need not address plaintiffs' appellate arguments.
 
 
 5
 In order to prevail under a product liability claim, asserted under Oklahoma law against a manufacturer, plaintiffs must establish that "(1) the product was the cause of the injury, (2)the product was defective when it left the hands of the manufacturer and (3) the defect made the product unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer." Dutsch v. Sea Ray Boats, Inc., 845 P.2d 187, 190 (Okla.1992). Plaintiffs alleged that, as a result of an automobile accident, they suffered injuries caused by defendant's defective design and manufacture of the rear axle of the Chevrolet S-10 Blazer that they were riding in at the time of the accident. In its defense, defendant asserted that its product was not defective and that plaintiffs' injuries were instead the result of either the drunk driver who hit plaintiffs' vehicle or plaintiffs' nonuse of seat belts or both.
 
 
 6
 The jury returned a verdict in favor of defendant and indicated, in its response to special interrogatories, that plaintiffs had failed to prove that the Blazer was defective. Plaintiffs do not challenge that determination on appeal. In light of that determination, the jury was not required to address the issue of the causation of plaintiffs' injuries. Any error, therefore, that the district court made in admitting evidence concerning, and allowing the jury's consideration of, plaintiffs' nonuse of seat belts, and we express no view concerning these issues, would have been, at most, harmless. See, e.g., Wactor v. Spartan Transp. Corp., No.93-1537, 1994 WL 275509, at * 5 (8th Cir. June 23, 1994)(appellate court need not address argument challenging jury instruction on seaman's duty of care, when that issue was only submitted to jury in context of contributory negligence defense, because the jury, having found that defendant was not negligent, was not required to address issue of contributory negligence); Grenada Steel Indus., Inc. v. Alabama Oxygen Co., 695 F.2d 883, 890 (5th Cir.1983)(in dicta, noting that "[i]f the jury found that the valve did not cause the damage, the question of its defectiveness is moot.").
 
 
 7
 We, therefore, AFFIRM the judgment of the United States District Court for the Western District of Oklahoma.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff Debbie Jo Jenkins sues on her own behalf for injuries she suffered in the accident. Plaintiff Clinton Sampson sues as personal representative for Michael E. Sampson, who was killed in the accident